UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAKEEM LOWRY,

                    Appellant,                Case No. 19-12362
                                                      Hon. Victoria A. Roberts
                                                      Mag. Judge Elizabeth A. Stafford

v.

SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC,
et al.,

                    Appellees.
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT [ECF No. 1]

## I.   INTRODUCTION

Hakeem Lowry ("Lowry") filed a motion in the Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court") against Southfield Neighborhood Revitalization Initiative ("NRI") and Oakland County Treasurer challenging the tax foreclosure ruling by the State court. Lowry alleged the State Court's Judgment of Foreclosure entry was void under state law for a lack of due process. The Bankruptcy Court denied his motion. This appeal followed.

Because the Court finds that Lowry is simply trying to avoid a tax foreclosure that he failed to set aside in State Court, the Court applies the *Rooker-Feldman* doctrine and **AFFIRMS** the Order of the Bankruptcy Court.

## II. FACTS

Lowry owned his principal residence in Southfield, Michigan ("the Property"). He failed to pay property taxes in 2013, 2014, 2015, 2016, and 2017 pursuant to M.C.L. § 211.78, the Michigan General Property Tax Act ("GPTA"). Following this delinquency, Lowry and the Oakland County Treasurer entered into an agreement under which Lowry was required to make "consistent and timely payments every month." [ECF No. 3, PageID. 506]. He did not do it.

Subsequently, the Oakland County Circuit Court entered a Judgment of Foreclosure against the Property. [ECF No. 3, PageID. 248-51]. The Judgment vested title to the Property in the County if Lowry failed to pay delinquent taxes and fees by March 31, 2017. Again, Lowry failed to address his tax liability as required.

The Oakland County Treasurer transferred the Property to the City of Southfield for $14,496.50 pursuant to M.C.L. § 211.78m(1). [ECF No. 3, PageID. 223]. The City of Southfield then sold the Property to NRI for $1.00.

After the sale to NRI, Lowry challenged the Judgment of Foreclosure and raised the following affirmative defenses in the Oakland County District Court: (i) NRI's title was voidable as a matter of law and equity; (ii) NRI had no authority to obtain the title under State of Michigan's laws; (ii) the foreclosure was void and defective because Lowry was not afforded due process; and (iv) NRI acquired the Property through fraud and other illegal conduct. The Oakland County District Court granted NRI's motion for summary disposition and entered a Judgment of Possession. [ECF No. 3, PageID. 293-297].

Lowry appealed to the Oakland County Circuit Court, which concluded that Lowry failed to file a timely notice of appeal. [ECF No. 3, PageID. 295].

Separately, NRI filed Motion for Entry of Writ of Eviction; the Oakland County District Court set a hearing for the motion on November 26, 2018. Before the hearing, Lowry filed for Chapter 13; the Oakland District Court issued an administrative stay.

On January 30, 2019, Lowry filed an adversary complaint against NRI. Bankruptcy Judge Randon dismissed the complaint and lifted the stay issued by the Oakland County District Court on February 19, 2019. Lowry then filed a second adversary complaint against NRI in the Bankruptcy Court; Judge Randon dismissed it on March 31, 2019.

3

NRI sought an Order of Eviction from the Oakland County District Court. Lowry then filed a third adversary complaint requesting that the Bankruptcy Court set aside the State Court's judgment. The Bankruptcy Court dismissed the third adversary complaint for three reasons: (i) the *Rooker-Feldman* doctrine barred suit because Lowry made the same arguments and sought the same relief as he did in the state courts; (ii) there was a cut off period to cure a delinquency through a Chapter 13 Plan and that period ended upon the expiration of the redemption period rights concerning the state court judgment of foreclosure; and (iii) *BFP v. Resolution Trust Corp,* 511 U.S. 531 (1994) should be extended to tax foreclosures under the Michigan statutory framework.

Lowry appealed the Bankruptcy Court's ruling; he alleges violations of his constitutional right to due process.

## III.  STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo. In re Wingerter*, 594 F.3d 931, 935–36 (6th Cir.2010). "A factual finding will only be clearly erroneous when,

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993) (quotation omitted).

The Bankruptcy Court decision was clearly rooted in its conclusions of law. Review here is *de novo*.


## IV.   ANALYSIS

Lowry says there are three reasons for this Court to reverse the Bankruptcy Court's ruling: (1) the *Rooker-Feldman* doctrine is inapplicable; (2) Lowry's interests and rights to the property were not extinguished before the filing of Chapter 13 Plan; and (3) *BFP v. Resolution Trust Corp.* should not be extended to tax foreclosures under the Michigan statutory framework because there is "reasonably" equivalent value.

### A. Standing

Oakland County challenges Lowry's standing to bring the claim because Lowry's admissions, filings, of the bankruptcy schedules and other pleadings establish that Lowry was not insolvent. 11 U.S.C. § 548(a)(1)(B)(ii)(I). Lowry fails to address this issue.

When a party fails to respond to an argument, it is generally deemed to be unopposed and conceded. *See Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (plaintiff failed to respond any opposition to argument deemed waived); *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 786 (E.D. Mich. 2019) (plaintiff failed to respond and argument deemed waived).

Lowry fails to respond to or rebut the Defendant's argument in his reply brief. Accordingly, the Court finds that Lowry may, in fact, lack standing to bring this claim.

### B. Jurisdiction and Preclusion Questions

Even if the Court were to consider the merits of Lowry's appeal, his claims fail as a matter of law. The jurisdiction of this Court to hear this appeal is established by 28 U.S.C.S. § 158(a). But, it fails on the merits because of one glaring shortcoming: the Bankruptcy Court and state court both considered the issues presented and adjudicated this matter fully.

### 1. Lowry Did Not Waive His Right To Appeal

Defendants say Lowry waived his argument challenging the Bankruptcy Court's dismissal of his adversary complaint based on the *Rooker-Feldman* doctrine because he did not provide a statement of the issue. Lowry says– although he failed to provide a Statement of the Issue

6

pertaining to whether the lower court erred in dismissing the adversary complaint based upon the *Rooker-Feldman* doctrine – there is no showing of "bad faith, negligence or indifference." Fed. R. Bankr. P. 8009(a).

The absence to preserve an issue – absent a showing of "negligence, bad faith, or inference" – does not provide grounds to dismiss Lowry's appeal.

No decisions within the Sixth Circuit address the waiver of issues regarding Rule 8006. However, other circuits impose varied standards. *See e.g., Zimmermann v. Jenkins* (*In re GGM, P.C.*), 165 F.3d 1026, 1031-32 (5th Cir. 1999) ("even if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal"); *Snap-On Tools, Inc. v. Freeman (In re Freeman)*, 956 F.2d 252, 255 (11th Cir. 1992) ("An issue that is not listed pursuant to [Rule 8006] and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal.").

The Court finds the flexible approach applied within the Eleventh Circuit persuasive. "Thus, as long as an issue is inferable, then Rule 8006 'is not intended to bind either party to the appeal as to the issues that are to be

presented.'" *In re Cohoes Indus. Terminal, Inc.*, 90 B.R. 67, 70 (S.D.N.Y.1988).

> Circumstances useful in determining whether an issue not listed in a Rule 8006 statement is inferable include: whether the issue was raised in the bankruptcy court (because an appellate court generally will not consider issues not adjudicated below); whether the issue requires the court to make any independent factual findings; and whether the issue presents unfair surprise to the other litigant.

*Intelligent Mailing Sols., Inc. v. Ascom Hasler Mailing Sys., Inc.,* 2006 WL 414066, at *4 (N.D. Ohio Feb. 21, 2006).

Accordingly, this issue is properly before this Court and was not waived by Lowry. It was raised in the briefs submitted to Bankruptcy Court. [ECF No. 3, PageID. 10-11]. The argument devoted to this issue in Lowry's brief bears a strong resemblance to the underlying bankruptcy decision, which also addressed this issue. As such, the NIR should not have been surprised that Lowry appealed.

### 2. *Rooker- Feldman* **Bars this Court's Review**

Although Lowry did not waive his right to raise the issue on appeal, his claim is barred by the *Rooker–Feldman* doctrine. The doctrine arises from two Supreme Court cases which jointly prohibit federal district courts from reviewing the merits of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206

(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine:

> [I]s a combination of abstention and res judicata doctrines, and stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court....[T]he lower federal courts do not have the authority to review state court decisions, even where a federal question is presented. [The doctrine], in essence bars 'a party losing in state court ... from seeking what ... would be appellate review of the state judgment in a United States district court."

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir.1995), cert dismissed, 516 U.S. 983, 116 S.Ct. 492, 133 L.Ed.2d 418; *Johnson v. De Grandy*, 512 U.S. 997, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (internal citations omitted).

*Rooker–Feldman* is most appropriately applied in cases in which a dissatisfied litigant files a federal suit that closely resembles issues adjudicated in a state court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005) ("In both [Rooker and Feldman] the losing party in state court filed suit in federal court after the state proceedings ended.") (emphasis added). Here, Lowry asked the Bankruptcy Court to declare the Oakland County Circuit Court's judgment void because the state court violated his due process rights. This directly implicates *Rooker–*

*Feldman* concerns. The Bankruptcy Court properly rejected Lowry's claim based, in part, on the *Rooker-Feldman* doctrine.

Defendants say the *Rooker-Feldman* doctrine requires dismissal because the source of the injury is the state court's Judgment of Foreclosure. Lowry alleges that he seeks a new source of injury: his constitutional rights.

This is a classic case for application of the *Rooker-Feldman* doctrine. Lowry "lost a state tax foreclosure action, which resulted in title passing to the Treasurer." *Anderson v. Cnty. of Wayne*, No. 10-cv-13708, 2011 WL 2470467, at *4 (E.D. Mich. June 20, 2011).

Unhappy with the state court and Bankruptcy Court rulings, Lowry seeks to set aside the holding of the Bankruptcy Court. *See id.* Although Lowry frames his argument in constitutional terms, this is nothing more than an attempt to gain review of the state court's ruling.

Because the *Rooker-Feldman* doctrine prevents this Court from reviewing his claims, the Court need not address the remaining issues raised by Lowry. These issues include whether Lowry's interests and rights to the property were extinguished or not before the filing of Chapter 13 Plan. They also include whether *BFP v. Resolution Trust Corp.* should be extended to tax foreclosures under the Michigan statutory framework.

## IV.    CONCLUSION

The Bankruptcy Court and state court have already heard the issues
presented and adjudicated this matter fully. Lowry's claim is barred by the
*Rooker-Feldman* doctrine.

The Court **AFFIRMS** the Order of the Bankruptcy Court.

**IT IS ORDERED.**


Date: June 5, 2020                            s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge